NO. 07-98-0277-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 13, 2001

______________________________

JESUS RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 154
TH
 DISTRICT COURT OF LAMB COUNTY;

NO. 3084; HONORABLE FELIX KLEIN, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION FOR REHEARING

Appellant has filed a timely motion for rehearing presenting two points for our review.  In his first point, he alleges this court “failed to address and adjudicate [his] supplemental point of error.”  In his supplemental brief, appellant claims the “trial court misdirected the jury, and erred, in authorizing the jury to convict [him] of capital murder based upon § 7.02(b)” of the Texas Penal Code.  Section 7.02(b)
(footnote: 1) provides:

§ 7.02 Criminal Responsibility for Conduct of Another

(b) If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

Appellant argues that “[a]s a matter of a law, a person cannot be guilty of capital murder by the authority of” section 7.02.  As support for his theory, appellant cites 
English v.
 
State
, 592 S.W.2d 949 (Tex.Crim.App. 1980).  However, 
English
 explicitly refutes this contention when it says:

This Court has held the law of parties announced in Sections 7.01 and 7.02 of the Penal Code is applicable to capital murder cases.  The theory of criminal responsibility set forth in Section 7.02(b) has been applied in capital cases.

Id
. at 955.  
See also Fuller v. State
, 827 S.W.2d 919, 932-33 (Tex.Crim.App. 1992).  Appellant claims “[c]apital murder is defined in terms of one’s intent to produce a specified result:  death of a specific individual,” 
i.e.
, “[w]hile a person may be guilty of murder in violation of § 19.02(b)(1) and capital murder in violation of § 19.03(a)(2), by reason of complicity as defined by § 7.02(a)(2), it is legally impossible to convict a person of capital murder in violation of § 19.02(a)(2) by reason of complicity under § 7.02(b).”  As pointed out above, the case law clearly fails to support appellant’s theory under this issue.

In his second point, appellant contends this court “applied an erroneous standard of review concerning the sufficiency of the evidence, by failing to review the sufficiency of the evidence of complicity.”  We are satisfied with our original opinion addressing both the legal and factual sufficiency issues raised by appellant and will not address them again.

For the reasons given above, appellant’s motion for rehearing is overruled.

John T. Boyd

 Chief Justice

Do not publish.

 

 

FOOTNOTES
1:
Any and all references to section 7.02 are to that provision of the Texas Penal Code.  Tex. Penal Code Ann. § 7.02 (Vernon 1994).